UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VLADIMIR MARQUEZ,<br><br>Petitioner,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 23-22555 (MAS)<br><br>MEMORANDUM ORDER |

This matter comes before the Court on a purported motion to vacate sentence brought by Petitioner Vladimir Marquez ("Petitioner") challenging his 2020 conviction on controlled substance distribution charges. (ECF No. 1.) By way of background, Petitioner pled guilty to those charges in November 2019, and was sentenced to 120 months' imprisonment by this Court on May 26, 2020. (*See* Docket No. 19-817 at ECF Nos. 19, 25). Petitioner did not appeal. (ECF No. 1 at 2.) Petitioner now seeks to use a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255 to request a sentence reduction pursuant to 18 U.S.C. § 3582(c) and the First Step Act. (ECF No. 1 at 9-13.) Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, this Court is required to screen Petitioner's purported § 2255 motion. Under this Rule, the Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Petitioner seeks to use § 2255 to request a sentence reduction under § 3582(c) based on the First Step Act. A habeas matter, such as a § 2255 motion, however, is not the proper vehicle for raising such a claim. While a § 2255 motion permits a petitioner to collaterally attack his sentence on the basis that his conviction or sentence violates the constitution, the proper basis for raising a claim that a convicted petitioner's sentence should be reduced pursuant to a retroactive amendment

to the Guidelines is a motion brought pursuant to § 3582(c)(2) in the petitioner's underlying criminal docket. *See, e.g., United States v. Williams*, 536 F. App'x 169, 171-72 (3d Cir. 2013) (explaining that a § 3582(c) sentence reduction request does not fall within the ambit of a motion to vacate sentence under § 2255). To the extent Petitioner seeks a reduced sentence based on a retroactive change to the Guidelines, he must file a motion pursuant to § 3582(c)(2) in his underlying criminal proceeding in Docket Number 19-817.

Even were Petitioner able to proceed with his claim in a § 2255 motion, however, he would still be barred from doing so as it appears that any § 2255 motion from Petitioner at this point would be untimely. Section 2255 motions are subject to a one-year statute of limitations which, in cases such as this, runs from the date on which a petitioner's conviction becomes final when his time to file a direct appeal expires. *See* 28 U.S.C. § 2255(f) (section 2255 motions are subject to a one-year limitations period); *Dodd v. United States*, 545 U.S. 353, 357 (2005) ("In most cases, the operative date from which the limitation period is measured will be . . . the date on which the judgment of conviction becomes final"); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) (where appeal not filed, judgment becomes final when the time to appeal expires). As Petitioner did not appeal his sentence, his conviction became final fourteen days after he was sentenced when he failed to file a notice of appeal, or on June 9, 2020. Petitioner's one-year limitations period therefore expired one year later, on June 9, 2021, more than two years before he filed this matter. As Petitioner has presented no basis for finding that this limitations period should be tolled, and this Court perceives no such basis, his § 2255 motion appears to be untimely, and will be dismissed without prejudice as a result. To the extent Petitioner believes he has a basis for tolling the limitations period, and has any claims which are properly the subject of a § 2255 motion, he may file an amended motion to vacate sentence setting forth his bases for tolling and any claims he may

have within thirty days. Alternatively, to the extent Petitioner's only claim is his request for a sentence reduction under § 3582(c)(2), Petitioner may file a motion in his criminal docket under § 3582(c)(2).

**IT IS THEREFORE**, on this 30 day of November, 2023, **ORDERED** that:

1. Petitioner's motion to vacate sentence (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as time barred;

2. To the extent Petitioner has proper claims he wishes to pursue under § 2255 and believes he can show a basis for tolling the limitations period, Petitioner may file an amended motion to vacate sentence within thirty days;

3. To the extent Petitioner only wishes to pursue his claim under § 3582(c), he must do so by filing an appropriate motion in his underlying criminal matter, Docket Number 19-817; and

4. The Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail, and shall **CLOSE** the file.

*[signature]*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**